# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-5164**

**September Term, 2021**

**1:21-cv-00448-DLF**

**Filed On:** January 4, 2022

Robert L. Schulz and Anthony Futia, Jr., and
all others similarly situated,

      Appellants

    v.

Congress of the United States, Each member
of the Senate and House of Representatives,

      Appellee

------------------------------

Consolidated with 21-5232

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

    **BEFORE:**    Rogers, Pillard, and Walker, Circuit Judges

**J U D G M E N T**

    This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the appellants. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motions for leave to file a supplemental appendix, and the motion to govern further proceedings, it is

    **ORDERED** that the motions for leave to file a supplemental appendix be denied. The documents are not part of the record on appeal. See Fed. R. App. P. 10(a)(1) (defining contents of record on appeal). It is

    **FURTHER ORDERED AND ADJUDGED** that the district court's October 1, 2021 order be affirmed. The district court properly dismissed the case without prejudice for lack of subject matter jurisdiction, because appellants failed to establish their standing

to sue.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 573-74 (1992) ("[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy.").  Appellants do not challenge the district court's conclusion that they did not establish standing based on their status as taxpayers and have therefore forfeited this argument.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).  Although appellants continue to assert they possess standing based on the facts that they voted in the 2020 election and that they took an oath to support and defend the Constitution in connection with their prior military service, they have not identified any particularized injury sufficient to confer standing.  See Lance v. Coffman, 549 U.S. 437, 442 (2007) (per curiam) (an allegation that the law has not been followed is "precisely the kind of undifferentiated, generalized grievance about the conduct of government" that cannot serve as a basis for standing).  Appellants also argue they have demonstrated a high level of personal commitment and have invested significant personal resources, but "standing is not measured by the intensity of the litigant's interest or the fervor of his advocacy."  Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 485 (1982).  Finally, the district court correctly determined the complaint did not challenge Congress' alleged failure to respond to appellants' petition because the complaint does not set forward such a claim nor seek any relief in connection with the alleged failure to respond.  Thus, this argument need not be considered here.  See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal." (citation and internal quotation marks omitted)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                  **FOR THE COURT:**
                                  Mark J. Langer, Clerk

BY:     /s/
            Daniel J. Reidy
            Deputy Clerk